United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lorfils Joseph, et al., Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 23-21552-Civ-Scola |
| ) | |
| General Conference Corporation of ) | |
| 7th Day Adventist, et al., ) | |
| Defendants. ) | |

### Order Requiring Second Amended Complaint

This matter is before the Court upon an independent review of the record. The Plaintiffs, investors that were defrauded in the EminiFX enterprise Ponzi scheme, bring this action against a group of over a hundred Defendants who each allegedly played some role in the scheme. (*See* Am. Compl., ECF No. 9.) Among other relief, the Plaintiffs seek compensatory and punitive damages on behalf of themselves and a proposed international class of all the investors who were defrauded in the EminiFX scheme. The amended complaint contains twenty-three counts against all the named Defendants, including claims for violations of the Federal Racketeer and Corrupt Organizations Act, 18 U.S.C. §§ 1961 and 1964, and various state law claims. Although there are outstanding questions pertaining to whether all the Defendants have been properly served, those Defendants that have appeared have indicated their intention to file Rule 12(b) motions to dismiss. (*See, e.g.*, ECF Nos. 333, 335.) For the reasons set forth below, however, the Court **strikes** the Plaintiffs' **amended complaint**, with leave to amend, finding it to be a shotgun pleading. (**Am. Compl., ECF No. 9**.)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8 and 10, "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.*

(cleaned up). When presented with a shotgun pleading, a district court should strike the pleading and instruct the party to replead the case, assuming the litigant can "in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

At close to ninety pages, and with 421 numbered paragraphs, the Plaintiffs' amended complaint is neither short nor plain, as required by Federal Rule of Civil Procedure 8(a)(2). Undoubtedly, there may be circumstances in which a case is so inherently complex that such an extensive pleading is required. Here, however, the amended complaint's length is instead attributable to its repetitiveness and inclusion of apparently needless details. By way of example, the amended complaint spends various paragraphs on Eddy Alexandre, outlining in great detail his background and role in the EminiFX enterprise Ponzi scheme, even though Alexandre has been voluntarily dismissed from this case. (*See, e.g.*, Am. Compl. ¶¶ 104–25, ECF No. 9; Dismissal Order, ECF No. 104.) While the Court understands that the Plaintiffs may need to provide some background information on Alexandre to contextualize and explain the origins of the EminiFX scheme, the amended complaint repeats and retains many details pertaining to Alexandre that do not serve that purpose, but rather primarily function only to elongate an already-lengthy pleading. *See, e.g., WorldSpan Marine Inc. v. Comerica Bank*, No. 20-11646, 2021 U.S. App. LEXIS 36751, at *5 (11th Cir. Dec. 13, 2021) (agreeing with district court that amended complaint amounted to a shotgun pleading where, among other things, it "was replete with unnecessary information about non-parties [and] extraneous references to other lawsuits").

The amended complaint also violates Rule 10(b)'s requirement that each paragraph be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The amended complaint is rife with paragraphs that are inappropriately extensive and incorporate various bullet points under one overarching statement. For example, paragraph 242 is close to three pages and incorporates nine sub-paragraphs, some of which also have their own bullet points. (*See, e.g.*, Am. Compl. ¶ 242, ECF No. 9 (outlining the wrongful acts allegedly committed by the Defendants from January 2020 through May 2022).) Indeed, many of the paragraphs are close to half a page long and are certainly not limited to a single set of circumstances. This too complicates the Court's review of the Plaintiffs' allegations, as, for example, the Plaintiffs often combine in one paragraph various general and conclusory allegations with some discrete facts. (*See id.*)

The Plaintiffs' violations of Rules 8 and 10 not only aggravate the Court's review, but, as a practical matter, make it impossible for the Defendants to

properly ascertain the nature of the allegations against them. Perhaps most obviously, the Plaintiffs incorporate the full 227 introductory paragraphs into their first cause of action, and then proceed to incorporate all the allegations contained in the preceding paragraphs into each of their twenty-two subsequent causes of action. By incorporating the allegations in previous causes of action into subsequent causes of action, the amended complaint presents the prototypical shotgun pleading. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding a "quintessential" shotgun pleading where "[e]ach count incorporate[d] by reference the allegations made in a section entitled 'General Factual Allegations'--which comprise[d] 146 numbered paragraphs--while also incorporating the allegations of any count or counts that precede[d] it"). This form of pleading makes it virtually impossible for either the Court or the Defendants to truly discern what facts are alleged in support of which causes of action.

In addition, by continuously referring to all the Defendants collectively, the amended complaint also commits the "relatively rare sin" of bringing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015); *see also Kabbaj v. Obama*, 568 F. App'x 875, 880 (11th Cir. 2014) (finding that the complaint was a classic shotgun pleading, among other reasons, because it "refer[red] to the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct"). Notably, "[i]t is not impermissible for a plaintiff to plead all counts against all Defendants, so long as the Plaintiff pleads sufficient factual allegations supporting its claims for relief against each Defendant[]." *Exxon Mobil Corp. v. Individuals & Bus. Entities Identified on Schedule A*, Civil Action No. 22-22696-Civ-Scola, 2023 U.S. Dist. LEXIS 26727, at *9 (S.D. Fla. Feb. 16, 2023) (Scola, J.). Here, however, most, if not all, of the Plaintiffs' key allegations as to the Defendants' involvement in the EminiFX scheme are directed at them collectively.

Even though the amended complaint names over a hundred Defendants, it fails to include allegations of wrongdoing as to each of them, or even to specify the particular role that each Defendant played in the EminiFX scheme. By way of example, the amended complaint spends approximately thirty paragraphs identifying the Defendants who were pastors at churches allegedly involved in the scheme, but then never mentions these individuals again, and certainly does not include any individualized allegations of wrongdoing as to any of them. Thus, as currently pled, the Plaintiffs' complaint is defective because it fails to appraise the Court or the Defendants of the extent of each

Defendants' purported involvement in, and their particular contributions to, the EminiFX scheme.

Accordingly, for the reasons set forth herein, the Court **strikes** the Plaintiffs' amended complaint as a shotgun pleading (**Am. Compl., ECF No. 9**) and instructs them to **replead** their case through a second amended complaint, if they can, in good faith, allege facts directly supporting at least one viable claim for relief against the Defendants, or at least one of them. The Plaintiffs are cautioned to plead only facts that are tethered to a viable cause of action against each Defendant and to identify which facts relate to which cause of action. Further, in compliance with Federal Rule of Civil Procedure 10(b), the Plaintiffs must state their claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court also directs the Plaintiffs to avoid conclusory or vague allegations, or to at least supplement them with fact-based claims directed at each specific Defendant. *See, e.g.*, *Scott v. Experian Info. Sols., Inc.*, 2018 U.S. Dist. LEXIS 110210, 2018 WL 3360754, at *6 (S. D. Fla. June 29, 2018) (Altonaga, J.) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

The Plaintiffs must file their second amended complaint, compliant with the above and the Federal Rules of Civil Procedure, on or before **December 27, 2023**. The Plaintiffs are forewarned that if they fail to timely comply with this order, this case may be dismissed, albeit without prejudice. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-58 (11th Cir. 2018) ("Implicit in [] a repleading order is the 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001)).

**Done and ordered** in Miami, Florida, on December 11, 2023.

_____
Robert N. Scola, Jr.
United States District Judge