United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lorfils Joseph, et al., Plaintiffs, <br><br> v. <br><br> General Conference Corporation of 7th Day Adventist, et al., Defendants. | Civil Action No. 23-21552-Civ-Scola |

### **Order on Defendants' Motions to Dismiss**

    The Plaintiff, Lorfils Joseph, filed the operative complaint on behalf of himself "and other similarly situated Investors of EminiFX." (Second Am. Compl., ECF No. 342.) He claims that over sixty thousand people, "most of them parishioners of Seventh-Day Adventist Churches in the United States... lost over five hundred million dollars because of the Seventh Day Adventist Church's participation" in the EminiFX enterprise Ponzi scheme. (*Id.* at 1-2.)

    The Defendants moved to dismiss in four separate motions. (ECF Nos. 353, 354, 355, 414.) The Church Defendants moved to dismiss for lack of personal jurisdiction and service of process. (ECF No. 353.) Specifically, Allegheny East Conference, Texas Conference, Southeastern Conference, and Florida Conference moved to dismiss for insufficient process and service of process. (*Id.*) North America Division, General Conference Corporation, G. Alexandre Bryant, Theodore Norman Clair (Wilson), Allegheny East Conference, and Texas Conference moved to dismiss for lack of personal jurisdiction. (*Id.*)

    Separately, Defendants John Maisonneuve, Sophia Desrosiers Maisonneuve, William Jean-Charles, and Phillips Mompremier[1] also moved to dismiss, challenging personal jurisdiction and service of process. (ECF No. 354.) Jointly, the two groups of Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 355.) Finally, after the Plaintiff filed his return of service for Defendant Northeastern Conference (ECF No. 410), Northeastern Conference moved to dismiss for improper service, lack of personal jurisdiction, and failure to state a claim. (ECF No. 414.) The remaining Defendants, Frantz D'Haiti, Paul Donald, and Kelny Hypolite, still have not been served and did not participate in any of the motions addressed in this order.

---

[1] The Individual Defendants' motion to dismiss notes that Mompremier's name is misspelled in the second amended complaint as Montpremier. (ECF No. 342.)

For the following reasons, the Court **denies** the Church Defendants' motion to dismiss for improper service and for lack of personal jurisdiction (**ECF No. 353**), **grants in part** the Individual Defendants' motion to dismiss for improper service and lack of personal jurisdiction (**ECF No. 354**), and **grants** the Defendants' joint motion to dismiss for failure to state a claim. (**ECF No. 355**.) The Court **grants in part** Northeastern Conference's motion to dismiss. (**ECF No. 414**.) Specifically, the Court denies the Northeastern Conference's motion to dismiss for lack of personal jurisdiction and the motion to quash service and grants the motion to dismiss for failure to state a claim. (ECF No. 414.)

### 1. Background

The Plaintiff alleges that he and other investors were defrauded in the EminiFX enterprise Ponzi scheme. (Second Am. Compl., ECF No. 342.) In the operative second amended complaint, the Plaintiff brought RICO and state law claims against a group of sixteen Defendants who each allegedly played some role in the scheme. (*Id.*) Among other relief, the Plaintiff seeks compensatory and punitive damages on behalf of himself and a proposed international class of all the investors who were defrauded in the EminiFX scheme. (*Id.*) The Plaintiff alleges he "invested over three hundred thousand dollars in the EminiFX Enterprise Ponzi Scheme." (*Id.* ¶ 9.)

The Court previously struck the Plaintiff's amended complaint. (ECF No. 337.) In doing so, the Court identified the amended complaint as a shotgun pleading: "by continuously referring to all the Defendants collectively, the amended complaint also commits the 'relatively rare sin' of bringing 'multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.'" (*Id.* at 3) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). Although the Court granted leave to amend, the Plaintiff was warned against continuing to refer to the Defendants collectively without identifying the individual acts they committed or statements they made. (*Id.*) The Court instructed the Plaintiff, "in good faith," to "plead only facts that are tethered to a viable cause of action against each Defendant and to identify which facts relate to which cause of action." (*Id.* at 4.)

The Plaintiff filed the second amended complaint, reducing the number of Defendants from more than a hundred to sixteen. However, the second amended complaint still spans about seventy pages, alleging four RICO claims (counts one through four) and seventeen state law claims (counts five through twenty-one) against the sixteen Defendants.

### 2. Personal Jurisdiction and Service of Process

As a general rule, courts should address issues relating to jurisdiction before reaching the merits of the plaintiff's claims. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (cleaned up). The Plaintiff seeks to establish personal jurisdiction over the Defendants using RICO's nationwide service of process provision, inextricably linking the issues of service and personal jurisdiction. *See S.E.C. v. Carrillo*, 115 F.3d 1540, 1543 (11th Cir. 1997); *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction.") Accordingly, the Court will consider the issues of service and personal jurisdiction together.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). Once the defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.* When analyzing a motion to dismiss for lack of personal jurisdiction, the Court must first consider whether the applicable statute confers jurisdiction over the defendants. *Republic of Panama*, 119 F.3d at 942. Then, the Court must evaluate whether exercising jurisdiction would violate due process. *Id.*

### A. Statutory Basis for Personal Jurisdiction

The following Defendants moved to dismiss for lack of personal jurisdiction independent from the issue of service: North America Division, General Conference Corporation, G. Alexandre Bryant, Theodore Norman Clair (Wilson), Allegheny East, and Texas Conference. (ECF No. 353.) They argue (1) that because the Plaintiffs fail to sufficiently state a claim for RICO, the Plaintiff cannot rely upon the RICO nationwide service of process provision and (2) the Plaintiff failed to allege personal jurisdiction under Florida's long arm statute. (*Id.*) Both arguments misstate the law.

Federal Rule of Civil Procedure 4(k)(1)(C) provides that serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant when authorized by statute. The statute the Plaintiff invokes here is RICO, specifically 18 U.S.C. §§ 1965(b) and (d). (*See* Second Am. Compl. ¶ 7, ECF No.

342) ("This Court has personal jurisdiction over the Defendants pursuant to 18 U.S.C. §§ 1965 (b)(d)."); (ECF No. 377 at 4) ("The statutory jurisdictional basis that Plaintiff relies on is the RICO nationwide service of process provision found in 18 U.S.C. § 1965(d)."). Over the state law claims, the Plaintiff alleges supplemental jurisdiction.

As a threshold matter, the RICO claims only provide the "jurisdictional hook" over the pendant state law claims if they survive scrutiny under Federal Rule of Civil Procedure 12(b)(6). *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1208 (S.D. Fla. 2021) (Ruiz, J.). However, for the RICO claims alone, a plaintiff need only allege colorable claims to survive a motion to dismiss for lack of jurisdiction. *Id.* at 1210 (cleaned up).

Whether a claim is colorable is distinct from whether it has been sufficiently alleged under Rule 12(b)(6). *Id.* When jurisdiction depends on a right created by statute, a court should dismiss for lack of jurisdiction only if the right alleged is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise devoid of merit as not to involve a federal controversy." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 941 (11th Cir. 1997) (cleaned up). Typically, courts dismiss on this basis only if the claims are frivolous. *See Lewis*, 530 F. Supp. 3d at 1210. Considering that this is a "high bar", the Court does not find that Plaintiff's claims are frivolous. *See id.* However, this finding is limited and has no bearing on whether the Plaintiff has sufficiently plead the RICO claims under Rule 12(b)(6).

The Defendants assert that the Plaintiff has failed to plead personal jurisdiction under Florida's long-arm statute. (ECF No. 353 at 14-15.) But the Plaintiff has alleged that RICO is the statutory basis for personal jurisdiction in this case; the Plaintiff did not need to plead personal jurisdiction under Florida's long-arm statute. *See BankAtlantic v. Coast to Coast Contractors, Inc.*, 947 F. Supp. 480, 484 (S.D. Fla. 1996) (Moreno, J.) ("[B]ecause RICO provides for nationwide service of process in 18 U.S.C. § 1965, it is the statutory basis for personal jurisdiction in this case, not Florida's long-arm statute.")

### B. Constitutional Basis for Personal Jurisdiction

The Court must next determine whether there is a constitutional basis for personal jurisdiction. "When a federal statute or rule serves as the basis for personal jurisdiction, the 'minimum contacts' analysis is governed by the Fifth Amendment of the United States Constitution, instead of the Fourteenth Amendment." *Lewis*, 530 F. Supp. 3d at 1210 (cleaned up). The Court must therefore examine the Defendants' "aggregate contacts with the nation as a whole rather than [their] contacts with the forum state." *Id.* The Defendants

have not contested their contacts with the nation as a whole. The Court finds that there is a constitutional basis for the Court's exercise of personal jurisdiction over the Defendants.

### C. Service

Finally, for Rule 4(k)(1)(C) and RICO's nationwide service of process provision to confer personal jurisdiction over the Defendants, the Defendants must have been properly served. *See* Fed. R. Civ. P. 4(k)(1)(C); *Carrillo*, 115 F.3d at 1543 (cleaned up) ("[S]ervice of process constitutes the vehicle by which the court obtains jurisdiction."); *Kelly v. Fla.*, 233 F. App'x 883, 884 (11th Cir. 2007) (cleaned up) ("Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant").

The following Defendants assert that they were improperly served or not served at all: (1) John Maisonneuve, (2) Sophia Desrosiers (Maisonneuve), (3) William Jean-Charles, (4) Phillips Mompremier, (5) Florida Conference, (6) Southeastern Conference, (7) Allegheny East Conference, (8) Texas Conference, and (9) Northeastern Conference. (ECF Nos. 353, 354, 414.)

Defendants initially bear the burden of challenging the sufficiency of service. *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012) (Ungaro, J.) (cleaned up). If the Defendant meets that burden, it shifts to the Plaintiff to make a prima facie case of proper service of process. *Id.* A signed return of service is prima facie evidence of proper service. *Hollander v. Wolf*, No. 09-80587, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009) (Ryskamp, J.) (cleaned up). If a plaintiff makes a prima facie case of valid service, the burden shifts back to the defendant to establish insufficient service of process by "strong and convincing evidence." *Id.* (cleaned up). "Any conflict in the parties' affidavits or pleadings should be resolved in favor of the plaintiff." *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (cleaned up).

### *(1) Church Defendants*

The following Church Defendants challenge the sufficiency of service: Allegheny East Conference, Texas Conference, Southeastern Conference, Florida Conference, and Northeastern Conference. (ECF Nos. 353, 414.) The parties agree that Texas Conference, Southeastern Conference, Florida Conference, and Northeastern Conference are unincorporated associations. (ECF Nos. 353, 377.) The Plaintiff also identified Allegheny East Conference as an unincorporated association (ECF No. 377 at 7), but the Defendants assert that Allegheny East Conference is a Pennsylvania non-profit corporation,

supported by a declaration of the organization's Vice President for Administration. (ECF No. 353-4 ¶ 4.)

Federal Rule of Civil Procedure 17(b) provides that "for all other parties" (not individuals or corporations), capacity to sue or be sued is determined "by the law of the state where the court is located[.]" Fed. R. Civ. P. 17(b)(3). This Court is located in Florida. Florida law does not allow unincorporated associations to be sued under a common name; the individual members of the association must be served. *See, e.g., Mt. Nebo Missionary Baptist Church v. Glee*, 14 So. 3d 1080, 1081 (Fla. Dist. Ct. App. 2009) (finding improper service on an unincorporated association where the individual members were not served notice). However, Rule 17(b) provides the following exception: "a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws[.]" Fed. R. Civ. P. 17(b)(3)(A). Nothing in the rule requires a plaintiff to sufficiently state a claim to earn the capacity to sue or be sued; rather, the question is whether the cause of action *arises* under federal law. *See Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 819 (9th Cir. 1996) ("[B]ecause this action arises under federal law, [plaintiff] had capacity to sue as an unincorporated association"). Defendants have failed to cite any case law showing that Rule 17(b)(3)(A) is limited by whether a plaintiff has sufficiently alleged a violation of federal law. Thus, the unincorporated associations may be sued in their common name and may be served pursuant to Federal Rule of Civil Procedure 4(h).

Rule 4(h) dictates that, for service in a judicial district of the United States, an "unincorporated association that is subject to suit under a common name" may be served in the manner prescribed by Rule 4(e)(1) for serving an individual or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A-B). Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

The Plaintiff has filed signed returns of service for all of the Church Defendants.[2] The burden thus shifts to the Church Defendants to bring strong and convincing evidence of insufficient process. *See Hollander*, 2009 WL 3336012, at *3.

---

[2] The Plaintiff has filed a signed return of service for Allegheny East Conference (ECF Nos. 122, 135), Texas Conference (ECF No. 184), Southeastern Conference (ECF No. 373), Florida Conference (ECF No. 374), and Northeastern Conference (ECF No. 410).

For Allegheny East, the Plaintiff asserts that the process server served Gwendolyn Norwood and that Norwood is an agent of the association and authorized to receive service of process. (ECF No. 377 at 7; 377-1.) The conference notes that the returns of service for Allegheny East (ECF Nos. 122, 135) fail to identify the individual served. (ECF No. 353 at 11.) However, the Plaintiff filed a declaration of process server Renee Ballantyne, who stated under the penalty of perjury that she served a woman who identified herself as Gwendolyn Norwood, that Norwood also identified herself as the Executive Administrative Assistant for the Allegheny East Conference, and that Norwood represented that she was authorized to receive service for the conference. (ECF No. 377-1 ¶¶ 11, 13-15.) The conference, in contrast, filed a declaration of Allegheny East Conference's Vice President for Administration Gary Wimbish. (ECF No. 353-4.) Wimbish does not directly challenge Norwood's authority to receive service, but instead generalizes that the Plaintiff has not served a managing or general agent of the conference. (*Id.* ¶ 7.)

For Florida Conference, the Plaintiff filed a return of service showing that the process server served Cindy Bogus at the Florida Conference. (ECF No. 374.) The Conference does not specifically challenge Bogus's authority to receive service, but instead generalizes that the Plaintiff has not served a managing or general agent of the conference. (ECF No. 353-2 ¶ 10.)

For Southeastern Conference, the Plaintiff filed a return of service showing that the process server had served Nadine Cerenfis, records custodian at the Southeastern Conference. (ECF No. 373.) The Conference does not specifically challenge Cerenfis's authority to receive service, but instead generalizes that the Plaintiff has not served a managing or general agent of the conference. (ECF No. 353-1 ¶ 9.)

For Texas Conference, the Plaintiff filed a return of service showing that the process server had served Janice Dulong [sic][3]. (ECF No. 184.) The conference challenges DeLong's authority to receive service for the conference. (ECF No. 353 at 9-10; ECF No. 353-3.) Specifically, the conference notes "Janice DeLong is not a managing or general agent of the Texas Conference." (ECF No. 353-3 ¶ 12.) The Plaintiff has filed a declaration of the process server indicating that she met DeLong at the Texas Conference, and DeLong "said she could receive the document, but she would have to give it to the executive director." (ECF No. 377-3 ¶ 7.) The declaration continues: "a tall Caucasian man about 6 foot 1 came through a double door, and greeted me and said, "I am the executive director, and will take the document, thank you." (*Id.* ¶ 8.)

---

[3] Texas Conference spells her name as follows: Janice DeLong.

First, any conflict in the parties' affidavits or pleadings should be resolved in favor of the plaintiff. *See Kammona*, 587 F. App'x at 578. Further, evidence that a Defendant's employee—for example, a receptionist—is not authorized to receive service does not constitute strong and convincing evidence of insufficient process. *See APL Microscopic, LLC v. Corp. Am. Sols., LLC*, No. 17-23316-CIV, 2017 WL 5290898, at *2 (S.D. Fla. Nov. 9, 2017) (Moreno, J.). Accordingly, the motion to dismiss for lack of personal jurisdiction and motion to quash service of process by Allegheny East Conference, Florida Conference, Southeastern Conference, and Texas Conference are denied. (ECF No. 353.)

For Northeastern Conference, the Plaintiff asserts that the conference's motion to dismiss is not timely. However, the Plaintiff has failed to explain his own delay in filing a proof of service as required. Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the court."). In fact, United States Magistrate Judge Jonathan Goodman twice ordered the Plaintiff to file proofs of service by October 23, 2023, at the latest. (ECF Nos. 261, 280.) However, despite the proof of service indicating that the Northeastern Conference was served on July 7, 2023, the Plaintiff did not file the proof of service until December 18, 2024. (ECF No. 410.) Promptly after the Plaintiff filed the proof of service, Northeastern Conference filed the motion to dismiss. (ECF No. 414.) The Court will not fault Northeastern Conference for the Plaintiff's delay.

The Plaintiff does not dispute that there was a defect with the summons served on Northeastern Conference. As the conference points out, the proof of service indicates that Northeastern Conference was served on July 7, 2023. (ECF No. 410.) However, Plaintiff's proposed summons filed on May 31, 2023, (ECF No. 36) was rejected by the Clerk. (ECF No. 54) ("Clerk's Notice to Filer re: Summons(es) will not be issued… Party Not Added-NORTHEASTERN CONFERENCE SEVEN-DAY ADVENTIST CHURCH."). The Clerk rejected the summons because "[t]he party(ies) on the summons(es) does not match the initiating documents." (*Id.*) The difference between the rejected summons and the issued summons is that the rejected summons identifies the conference as "Northeastern Conference Seven-Day Adventist Church", while the issued summons identifies the conference as "Northeastern Conference". (ECF Nos. 345, 348.) "[T]he court is not deprived of personal jurisdiction because there is a minor defect in the process." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 899 (11th Cir. 1990).

Finally, the Plaintiff filed a return of service for Northeastern Conference showing that the process server had served Smith Olivier, the President of the Northeastern Conference. The conference filed a declaration of its Executive Secretary, asserting that the Plaintiff has not served an officer of the

Northeastern Conference or a managing or general agent of the conference. (ECF No. 414 at 13 ¶ 8-9.) Further, the conference asserts that Smith Olivier was not President at the time of purported service in 2023. (*Id.* ¶ 12.) Because any conflict in the parties' affidavits or pleadings should be resolved in favor of the Plaintiff, the Court denies Northeastern Conference's motion to quash service and motion to dismiss for lack of personal jurisdiction. *See Kammona*, 587 F. App'x at 578. The Church Defendants' motion to dismiss is **denied**. (**ECF No. 353**.)

### *(2) Individual Defendants*

The following Individual Defendants have moved to dismiss for lack of personal jurisdiction and insufficient service of process: John Maisonneuve; Sophia Desrosier Maisonneuve; William Jean-Charles; and Phillips Mompremier. (ECF No. 354.)

As a threshold matter, the Plaintiff concedes that Phillips Mompremier has not been served. Because service of process is the vehicle by which the court obtains jurisdiction, the Court lacks jurisdiction over Mompremier. *See Carrillo*, 115 F.3d at 1543; *Kelly*, 233 F. App'x at 884. Accordingly, with respect to Mompremier, the motion to dismiss for lack of personal jurisdiction is granted.

The Plaintiff has filed returns of service for John Maisonneuve (ECF No. 121), Sophia Desrosier Maisonneuve (ECF No. 120), and William Jean-Charles. (ECF Nos. 111, 112.) The burden thus shifts to the Individual Defendants to bring strong and convincing evidence of insufficient process. *See Hollander*, 2009 WL 3336012, at *3.

An individual within a judicial district of the United States may be served by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The returns of service for John Maisonneuve and Sophia Desrosier Maisonneuve indicate that Gwendolyn Norwood was served, and that she was "designated by law to accept service" on their behalf. (ECF Nos. 120, 121.) The returns of service are supported by a declaration of the process server indicating Norwood represented her authority to receive service on their behalf. (ECF No. 376-3.) However, declarations of Maisonneuve and Desrosier Maisonneuve attest that Norwood was not authorized to receive service on their behalf. (ECF Nos. 354-2, 354-3.)

The return of service for William Jean-Charles indicates that the process server served him personally at an address in Richmond, Texas on June 30, 2023. (ECF No. 111.) Jean-Charles, in contrast, filed a declaration stating that he was in Florida on that date and attests that he has never been served. (ECF No. 354-4 ¶ 5.)

"Any conflict in the parties' affidavits or pleadings should be resolved in favor of the plaintiff." *Kammona*, 587 F. App'x at 578. Further, the Court finds that the Individual Defendants did not present strong and convincing evidence of improper service. *See Hollander*, 2009 WL 3336012, at *3. Accordingly, the Court denies the motion to quash service and motion to dismiss for lack of personal jurisdiction by Maisonneuve, Desrosier Maisonneuve, and Jean-Charles. The Individual Defendants' motion to dismiss is **granted in part and denied in part**. (**ECF No. 354**.)

### 3. Failure to State a Claim

Lastly, the Defendants jointly moved to dismiss for failure to state a claim for RICO violations. When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

Because Plaintiff's claim arises from an alleged pattern of racketeering consisting of fraud, his substantive RICO allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal*, but also with Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. *See Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) (holding that civil RICO claims, which are "essentially a certain breed of fraud claims, must be pled with an increased level of specificity" under Rule 9(b)). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud. *Ambrosia Coal*, 482 F.3d at 1316–17. "The 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). There are three "essential elements" a Plaintiff must establish to state a prima facie civil RICO claim under 18 U.S.C. § 1964(c): (1) that the defendant committed a pattern of RICO predicate acts under 18 U.S.C. § 1962; (2) that the plaintiff suffered injury to business or property; and (3) that the defendant's racketeering activity proximately caused the injury. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 705 (11th Cir. 2014) (cleaned up).

This Court, in striking Plaintiff's amended complaint as a shotgun pleading, warned the Plaintiff against "repetitiveness" and "referring to all the Defendants collectively." (ECF No. 337 at 2-3.) The Court advised the Plaintiff clearly to limit each paragraph "as far as practicable" to a single set of circumstances and "plead only facts that are tethered to a viable cause of action against each Defendant and to identify which facts relate to which cause of action." (*Id.* at 3-4.) Instead, the Plaintiff has once again repeated the same conclusory allegations against the Defendants collectively. (*E.g.,* Second Am. Compl. ¶¶ 209, 222, 236, 238, 254.) In six different paragraphs, the Plaintiff makes the exact same conclusory allegation:

> There is a direct relation between the Defendants' conduct and the Plaintiff's injury. Defendants' fraudulent representations that investor moneys would be invested in cryptocurrency through an

>
> automated investment trading platform, that potential investors would double their money within five months of investing by earning 5% weekly return on their investments using a "Robo-Advisor Assisted account" to conduct trading, and that actual investors had earned, and were continuing to earn, at least 5% each week on their investments, together with their fraudulent omissions listed supra, was a substantial factor in each Plaintiff's decision to invest in the EminiFX Enterprise Ponzi Scheme. The direct victims of the Defendants' RICO violations were the Plaintiffs.

(*Id.*) Further, the second amended complaint fails to identify the specific statements made by the Defendants to the Plaintiff that caused him harm. The complaint fails to identify the time and place of and the person responsible for the statements **to Plaintiff.** At best, the Plaintiff alleges he "invested money in the EminiFX Enterprise Ponzi Scheme upon the false representations and the coercions of his pastor appointed by the GCC and under the supervision of the Regional Conference." (Second Am. Compl. ¶ 51, ECF No. 342.) Yet, the Plaintiff never alleges **what** representations were made **to him** that caused him harm, **which Defendant** made the "false representations" to him, **when** those false representations were made, and **where** they were made. In fact, nowhere in the complaint does the Plaintiff allege the name of the church he belonged to or the name of his pastor. Even in a putative class action, "a plaintiff must allege and show that he personally suffered injury." *Kantrow v. Celebrity Cruises, Inc.*, 510 F. Supp. 3d 1311, 1321 (S.D. Fla. 2020) (Lenard, J.).

In an attempt to address the defects identified by the Court in its order striking the amended complaint, the second amended complaint includes a section titled "Defendant-Specific Factual Allegations." (Second Am. Compl. at 11-25, ECF No. 342.) This portion of the complaint tiptoes towards pleading with particularly. (*See id.* ¶ 69) ("Both Maisonneuves told hundreds of parishioners that their money would be insured and that if they were to lose a penny of their investment that the Seventh-Day Adventist Church would return the money to them with interest.") Still, the allegations come up short by failing to identify a single statement or act **directed at the Plaintiff** by any of the Defendants on any occasion, let alone the time or place of such a statement or act. The Court finds that the Plaintiff has failed to state a claim under RICO, **grants** the Defendants' joint motion to dismiss (**ECF No. 355**), and dismisses counts one through four of the second amended complaint.

When a district court has dismissed all federal law claims, courts are encouraged to dismiss any remaining state law claims. *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 866 (11th Cir. 2022). Accordingly, the Court also dismisses counts five through twenty-one. Finally, because the Plaintiff

has had three attempts to properly plead his case and failed to do so despite the Court's explicit instructions, the second amended complaint is **dismissed with prejudice.** *Barrett v. Scutieri*, 281 F. App'x 952, 954–55 (11th Cir. 2008) ("[T]he district court committed no abuse of discretion in dismissing the second amended complaint with prejudice because the court previously had explained to [the plaintiff] the deficiencies in his first amended complaint and had allowed him to correct them, but he failed to do so.").

### 4. Conclusion

The Court **denies** the Church Defendants' motion to dismiss. (**ECF No. 353**.) The Court **grants in part** the Individual Defendants' motion to dismiss (**ECF No. 354**.) Specifically, the Court grants the motion to dismiss for lack of personal jurisdiction only as to Defendant Phillips Mompremier and dismisses Mompremier without prejudice. Further, because Defendants Frantz D'Haiti, Paul Donald, and Kelny Hypolite still have not been served, the Court dismisses those Defendants without prejudice.

The Court **grants** the Defendants' joint motion to dismiss for failure to state a claim. (**ECF No. 355**.) Finally, the Court **grants in part** Northeastern Conference's motion to dismiss. (**ECF No. 414**.) Specifically, the Court denies the Northeastern Conference's motion to dismiss for lack of personal jurisdiction and motion to quash service of process but grants the Northeastern Conference's motion to dismiss for failure to state a claim.

The Court **dismisses** the second amended complaint **with prejudice**. (**ECF No. 342**.) The Court directs the Clerk to close this case. All pending motions are denied as moot.

**Done and ordered** in Miami, Florida, on February 26, 2025.

Robert N. Scola, Jr.
United States District Judge