United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lorfils Joseph and others,<br>Plaintiffs,<br><br>v.<br><br>General Conference Corporation of<br>7th Day Adventist and others,<br>Defendants. | Civil Action No. 23-21552-Civ-Scola |

## Order Regarding Reconsideration of Order of Dismissal

In this case, Plaintiff Lorfils Joseph, on his own behalf as well as on behalf of a putative class of allegedly similarly situated parties (collectively "Joseph"), complains he was defrauded by the Defendants[1] through a Ponzi scheme directed at, primarily, Seventh-Day Adventist Church parishioners throughout the United States. (2nd Am. Compl., ECF No. 342.) Previously, the Court granted the Defendants' motion to dismiss Joseph's complaint for a failure to state a claim and dismissed all his claims with prejudice. (Order, ECF No. 432, 12–13.) Joseph now asks the Court to reconsider and amend its order "to reflect a dismissal without prejudice" and grant him leave to file a third amended complaint. (Pl.'s Mot., ECF No. 435, 1.) The Defendants oppose any reconsideration (Defs.' Resp., ECF No. 438), to which Joseph has replied (Pl.'s Reply, ECF No. 441). The motion for reconsideration, therefore, is ripe for the Court's consideration. Separately, the Court has undertaken an independent review of its dismissal order. Based on the Court's review of the relevant legal authorities, the parties' briefing, and the record in this case, the Court independently **amends** its dismissal order (**ECF No. 432**) with respect to Joseph's state-law claims; **denies** Joseph's motion for reconsideration, **in part**, as to his federal claims, and **denies it as moot, in part**, as to his state-law claims; and **denies** all other requested relief, including leave to amend, to intervene, or to substitute parties (**ECF No. 435**).

---

[1] The remaining defendants in this case are various individuals and several Seventh-Day Adventist entities—Philips Mompremier, Williams Jean-Charles, John Maisonneuve, Sophia Desrosiers Maisonneuve, North American Division Corporation of Seventh-Day Adventists, General Conference Corporation of Seventh-Day Adventists, G. Alexander Bryant, Theodore Norman Clair Wilson, Allegheny East Conference Corporation of Seventh-Day Adventists, Florida Conference of Seventh-Day Adventists, Southeastern Conference of Seventh-Day Adventists, Texas Conference of Seventh-day Adventists, and Northeastern conference of Seventh-Day Adventists. (*See* Defs.' Resp., ECF No. 438, 1.)

### 1. The Court's Independent Review

As to the Court's own review, the Court amends its order of dismissal to dismiss Joseph's state-law claims *without* prejudice as to refiling in state court, instead of *with* prejudice, for the reasons that follow.

Where a court's jurisdiction over state-law claims is premised on supplemental jurisdiction, the Eleventh Circuit "has repeatedly said that, when all of the federal claims have been dismissed pretrial, Supreme Court case law 'strongly encourages or even requires dismissal of the state claims.'"[2] *Est. of Owens v. GEO Group, Inc.*, 660 F. App'x 763, 775 (11th Cir. 2016) (quoting *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)); *Woods v. Commr., Alabama Dept. of Corrections*, 951 F.3d 1288, 1295 (11th Cir. 2020) ("When, as here, a district court dismisses a plaintiff's federal claims, we have encouraged dismissal of the remaining state-law claims too."). Noting that proposition, the Court did just that, dismissing all of Joseph's state-law claims as set forth in counts five through twenty-one. (Order at 12.) As noted in the order, Joseph's federal claims were dismissed on their merits—for his failure to state a claim under the Federal Racketeer and Corrupt Organizations Act. (*Id.*) The Court noted, additionally, that it had explicitly instructed Joseph as to his complaint's pleading defects, including his failure to state a claim, but that, after three attempts to properly plead his case, he still failed to do so. (*Id.* at 13.) The Court then dismissed Joseph's entire complaint "with prejudice." (*Id.*) However, because the Court dismissed Joseph's state-law claims on jurisdictional grounds, the Court erred by lumping them together with the with-prejudice dismissal of his federal claims. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296–97 (11th Cir. 2018) ("[T]o whatever extent that the [complaint] includes state law claims, the dismissal should have been *without* prejudice as to refiling in state court.") (emphasis added). Accordingly, consistent with Federal Rule of Civil Procedure 60(a), the Court amends its order (ECF No. 432, 12–13) to reflect that Joseph's state-law claims are not dismissed *with* prejudice, but, instead, are dismissed *without* prejudice to their being refiled in state court.

---

[2] Joseph's complaint alleges federal-question jurisdiction over his federal claims (counts one through four) and supplemental jurisdiction over his state-law claims (counts five through twenty-one). (2nd Am. Compl. ¶ 7.) Joseph supplies no other basis for the Court's original jurisdiction and, indeed, sets forth allegations indicating that the parties are decidedly not diverse. (*See id.* ¶ 9, 22–28 (alleging that both the Plaintiff and several Defendants "reside" in Florida, without mentioning any other states in which those parties reside, leaving the Court with the inference that parties on both sides of this litigation are domiciled in Florida, thus foreclosing the Court's diversity jurisdiction).) Nor does Joseph seek to proceed under the Class Action Fairness Act. (*See id.* ¶ 7.)

### 2. Joseph's Motion for Reconsideration

In his motion, Joseph asks the Court to amend its order such that all his claims are dismissed *without,* rather than *with,* prejudice. Joseph also argues the Court should have sua sponte afforded him an opportunity to file a third-amended complaint.

As a starting point, because the Court has independently amended its order regarding Joseph's state-law claims, as explained above, his motion is denied as moot as to counts five through twenty-one. As to his federal claims, however, along with his argument regarding amending his complaint, the Court is not persuaded.

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox,* 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, as here, a motion to reconsider is not ordinarily warranted. Joseph points to two grounds that support reconsideration: "the recent discovery of critical new evidence and the need to prevent manifest injustice." (Pl.'s Mot. at 2.) Both grounds are meritless.

As to his newly-discovered-evidence theory of relief, Joseph and his counsel claim they only just "learned, for the first time," during Joseph's November 2024 deposition, "that Mr. Joseph was never a member of any of the Defendant congregations and lacked any firsthand knowledge of the misrepresentations . . . regarding the EminiFX Ponzi scheme." (Pl.'s Mot. at 2–3, 7.) Additionally, Joseph says it was only after the Court dismissed his case that his counsel sought out new evidence, from "actual congregation-member victims." (*Id.* at 4.)

The Court agrees with the Defendants that it is nonsensical for Joseph (or his counsel) to claim that they exercised any sort of due diligence or made "reasonable efforts" to ascertain any of this evidence. Neither Joseph's own knowledge nor the existence of the other putative claimants was in any way hidden or not discoverable or available with just the slightest of efforts. Most preposterous is Joseph's position that he only recently accessed his own knowledge of facts related to the allegations in his complaint. His failure to impart that information to his counsel, or his counsel's failure to elicit that information from his own client, would appear to be the epitome of a failure to exercise reasonable diligence. Further, Joseph neglects to provide any real explanation whatsoever for his failure to ascertain the testimony recently obtained from the other putative claimants he describes in his motion: there was nothing preventing him from exercising the diligence needed to seek out that testimony prior to filing the complaint or in the two years it has been pending before the Court. In sum, Joseph's argument that the Court should reconsider its dismissal order based on newly discovered evidence is thoroughly unavailing.

Nor does Joseph's appeal to "manifest injustice" fare any better. Although it may true that that "jurists could debate endlessly the legal connotations of the term 'manifest injustice,'" *Riley v. Camp*, 130 F.3d 958, 989 (11th Cir. 1997) (Birch, J., concurring), the Eleventh Circuit nonetheless "equates manifest injustice with the plain error standard of review," *U.S. v. Quintana*, 300 F.3d 1227, 1232 (11th Cir. 2002). And, to demonstrate manifest injustice, the Eleventh Circuit requires a party to show "(1) that there was error; (2) that was plain; (3) that affected his substantial rights; and (4) that affected the fundamental fairness of the proceedings." *Quintana*, 300 F.3d at 1232. In other words, as Joseph himself sets forth, manifest injustice amounts to a "direct, obvious, and observable error." (Pl.'s Reply at 2 n. 1 (quoting *Dauval v. MRS BPO, L.L.C.*, No. 8:11-CV-2703-T-MAP, 2013 WL 9921550, at *4 (M.D. Fla. June 27, 2013) ("'[M]anifest injustice' means a direct, obvious, and observable error in the trial court.") (cleaned up)). Joseph fails to meet this high standard.

Joseph's biggest hurdle is that he himself acknowledges "that there is no argument regarding the dismissal of the current Plaintiff's case." (Pl.'s Mot. at 2.) Indeed, his counsel advises that he "has no quarrel with the dismissal of the Lead Plaintiff's claim based on the factual basis of the claims as asserted." (*Id.* at 14 n. 4.) Joseph further admits that the required "level of factual specificity was entirely absent from the Second Amended Complaint." (Pl.'s Reply at 7.) Nor does Joseph supply any viable argument that the Court's dismissal of his federal claims with prejudice was in error. Instead, Joseph says he simply

didn't anticipate that the federal claims would be dismissed with prejudice (s*ee, e.g.*, Pl.'s Reply at 5 n. 3) and assumed the Court would, unprompted, afford him the opportunity to amend (*id.* at 8). But Joseph fails to supply any other facts or legal support that would transform his own erroneous assumptions into a court error amounting to manifest injustice.

Joseph's time-bar concerns also fail to move the needle. First, as to his own state-law claims, the Court is unaware of any impediment to the tolling of any applicable statute of limitations under 28 U.S.C. § 1367(d). Section 1367(d) explicitly provides that the limitations period for any claim asserted under a court's supplemental jurisdiction "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d); *c.f. Edwards v. Okaloosa Cnty.*, 5 F.3d 1431, 1433 (11th Cir. 1993), *op. mod'd on unrelated ground on denial of reh'g,* 23 F.3d 358 (11th Cir. 1994) (recognizing that the then-recently-enacted "subsection (d) [of § 1367] would appear to toll the Florida statute of limitations, preserving [the plaintiff's] pendent [state-law] claim"). Accordingly, without any indication that Joseph's state-law claims are not validly within the Court's supplemental jurisdiction, or that some exception might apply, the Court is unable to share Joseph's concern about his state claims' being "lost to a procedural gap," (Pl.'s Reply at 6). *See Artis v. D.C.*, 583 U.S. 71, 77–78 (2018) (agreeing with the trial court's conclusion that the plaintiff "will not be prejudiced . . . because 28 U.S.C. § 1367(d) provides for a tolling of the statute of limitations during the period the case was [pending in the trial court] and for at least 30 days thereafter").

Second, and relatedly, to the extent Joseph has standing to raise concerns about non-party, putative-class members' interests, where no class was ever certified, Joseph mentions, but fails to evaluate, the tolling of any applicable statute of limitations that might pertain to those non-party claims. (Pl.'s Mot. at 19.) That is, under the United States Supreme Court's opinion in "*American Pipe,* the filing of a class action complaint tolls the statute of limitations on individual claims by class members." *Raie v. Cheminova, Inc.*, 336 F.3d 1278, 1282 (11th Cir. 2003) (citing *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 550–52 (1974)). Accordingly, to the extent the individuals Joseph identifies qualify as such "class members," as he contends, their claims are tolled until the dismissal of Joseph's case. *See Potter v. Commr. of Soc. Sec.*, 9 F.4th 369, 380 (6th Cir. 2021) (noting that the "statutes of limitations as to absent class members" doesn't resume running until "the dismissal of an uncertified class action," which "terminates *American Pipe* tolling"). Joseph supplies no explanation as to why this principle wouldn't alleviate these individuals' time-bar concerns. This failure wholly undermines his argument,

to the extent it is even properly before the Court, that reconsideration is necessary to prevent these "meritorious claims" from being "extinguished on technical grounds." (Pl.'s Mot. at 18.)

Finally, Joseph fails to supply any support for his position that the Court erred by not sua sponte allowing him to amend his complaint for the third time. Indeed, "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *See Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). Additionally, the Eleventh Circuit has "rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend." *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018); *see Plowright v. Miami Dade Cnty.*, 102 F.4th 1358, 1371 (11th Cir. 2024) (declining to "further burden the district court or the defendants by giving [the Plaintiff] another 'do-over'") (cleaned up). And, because the Court otherwise finds reconsideration of its dismissal unwarranted, Joseph's request for leave to amend his complaint now is also denied.

### 3. Conclusion

Joseph claims that, without reconsideration, "members of the class who were directly defrauded by church leaders . . . [who] are now willing to come forward with detailed allegations will be forever barred from asserting their claims." (Pl.'s Mot. at 6 (cleaned up).) As set forth above, and in light of the Court's amending its dismissal of Joseph's state-law claims to be *without* prejudice, Joseph has failed to adduce either legal authority or facts supporting any further reconsideration. Moreover, the Court did not err by declining to offer Joseph the opportunity to sua sponte amend his complaint.

In sum, then, the Court independently **amends** its dismissal order (**ECF No. 432**) to reflect, on pages 12 and 13, that Joseph's state-law claims, counts five through twenty-one, are dismissed *without* prejudice (for clarity: Joseph's federal claims remain dismissed with prejudice). The Court thus **denies** Joseph's motion for reconsideration **as moot, in part**, as to his state-law claims; and **denies it outright, in part**, as to his federal claims. (**ECF No. 435**.) Because the Court denies Joseph's motion for reconsideration, it also denies his request for leave to amend, to intervene, and to substitute parties as

well.

**Done and ordered** in Miami, Florida, on May 21, 2025.

_____
Robert N. Scola, Jr.
United States District Judge