United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lorfils Joseph, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-21552-Civ-Scola |
| General Conference Corporation of | ) |
| 7th Day Adventist and others, | ) |
| Defendants. | ) |

## Order on Motion for Costs

This matter is before the Court on (1) individual defendants John Maisonneuve, Philips Mompremier, Sophia Desrosiers Maisonneuve, and William Jean-Charles's (the "Individual Defendants") motion to tax costs (Ind. Defs.' Mot., ECF No. 449), along with their verified bill of costs (Ind. Defs.' Bill, ECF No. 450); and (2) church-associated defendants North American Division Corporation of Seventh-day Adventists, General Conference Corporation of Seventh-day Adventists, G. Alexander Bryant, Theodore Norman Clair Wilson, Allegheny East Conference Corporation of Seventh-day Adventists, Florida Conference of Seventh-day Adventists, Southeastern Conference of Seventh-day Adventists, Texas Conference of Seventh-day Adventists, and the Northeastern Conference of Seventh-day Adventists' (the "Church Defendants") motion to tax costs (Church Defs.' Mot., ECF No. 451), along with their verified bill of costs (Church Defs.' Bill, ECF No. 452). The Individual Defendants and the Church Defendants, as the prevailing parties, seek, respectively, $25,277.13 and 28,974.49 in costs. Plaintiff Lorfils Joseph has not responded and the time to do so has passed. As set forth below, the Court **grants in part, and denies in part** both motions (**ECF Nos. 449, 451**).

Absent legal authority to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although Federal Rule of Civil Procedure 54(d)(1) creates a presumption that costs will be awarded to the prevailing party, the Court may nevertheless exercise its discretion in doing so. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (recognizing a district court's discretion in awarding costs to a prevailing party). Further, even if the request is unopposed, the Court should nonetheless independently review the costs sought to determine whether they are indeed recoverable and reasonable. *See Collazo v. Progressive Select Ins. Co.*, 20-CV-25302, 2022 WL 18144067, at *2 (S.D. Fla. Dec. 19, 2022) (Goodman, Mag. J.) ("[T]he Court is still limited to taxing only those costs specifically authorized by statute."), *rep. and rec. adopted sub nom. Collazo v. Progressive Select Ins. Co.*, 20-25302-CIV, 2023 WL 122614 (S.D. Fla. Jan. 6, 2023) (Scola, J.).

As a starting point, both sets of defendants seek reimbursement for the costs to produce electronically stored information in response to Joseph's discovery requests. (Ind. Defs.' Mot. at 5–7; Church Defs.' Mot. at 3–5.) The Individual Defendants seek $20,218.75 and the Church Defendants seek $24,558.75 and have supplied detailed billing records those amounts. (Ind. Defs.' Bill at 1; Church Defs.' Bill at 1.) Such costs are recoverable under section 1920(4) when those costs are "necessary to duplicate an electronic document in as faithful and complete a manner as required by rule, by court order, by agreement of the parties, or otherwise." *Pearson v. Deutsche Bank AG*, No. 21-CV-22437, 2023 WL 6538553, at *4 (S.D. Fla. Oct. 6, 2023) (Bloom, J.), *appeal dismissed,* No. 23-13327-JJ, 2024 WL 1512841 (11th Cir. Mar. 22, 2024). The detailed invoices produced show that both sets of defendants seek reimbursement for the costs associated with an outside e-discovery vendor's forensic collection, reproduction, and delivery of electronically stored information specifically responsive to Joseph's broad discovery requests for production. Accordingly, the Court finds both amounts--$20,218.75 and $24,558.75—properly awarded to the Individual and Church Defendants, respectively.

Next, both sets of defendants seek awards for costs associated with transcribing Joseph's deposition, taken over the course of two sessions. ((Ind.

Defs.' Mot. at 4–5; Church Defs.' Mot. at 3–5.) There appears to be no question that the transcription costs themselves were incurred for the actual transcription of the deposition testimony of a key witness—the Plaintiff himself—that was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see Marler v. U-Store-It Mini Warehouse Co.*, No. 09-60613-CIV, 2011 WL 13174437, at *4 (S.D. Fla. May 26, 2011) (Goodman, Mag. J.) ("The cost of a deposition transcript itself is generally recoverable under § 1920 as long as it was necessarily obtained for use in the case.") (cleaned up), *rep. & rec. adopted*, No. 09-60613-CV, 2011 WL 13174767 (S.D. Fla. July 5, 2011) (Gold, J.). Accordingly, after of review of the relevant invoices, the Court agrees the Individual Defendants should be awarded the $2,691.88 reflected on invoice number 378882 (ECF No. 450, 8) and the Church Defendants should be awarded the $3,393.74 reflected on invoice numbers 369100 and 378883, combined (ECF No. 452, 17–18).[1]

    Related to Joseph's deposition, both sets of defendants contend they should be reimbursed for videography costs associated with Jospeh's deposition. (Ind. Defs.' Mot. at 4–5; Church Defs.' Mot. at 3.) The Court disagrees. To start, the Court recognizes, as the Defendants point out, parties *may* be "entitled to costs for video depositions 'when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation.'" *Bluegreen Vacations Unlimited, Inc. v. Timeshare Lawyers P.A.*, No. 20-CV-24681, 2024 WL 2749298, at *5 (S.D. Fla. May 8, 2024) (Goodman, Mag. J.) (quoting *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996)) (cleaned up), *rep. and recs. adopted*, No. 20-24681-CIV, 2024 WL 2747112 (S.D. Fla. May 29, 2024) (Scola, J.). However, in addition, "the prevailing party must *still* explain why it was necessary to obtain both regular transcripts and videotaped copies." *Bluegreen*, 2024 WL 2749298 at *6 (emphasis in original). Neither motion satisfies this necessity prong of the analysis, failing to explain why the video recordings were actually necessary, in addition to the written transcripts. This is especially so when there is no indication, at least in either motion, that Joseph—the named Plaintiff in this case—would not be appearing at trial. In other words, neither motion establishes that the video recordings would be used for anything other than the convenience of counsel. Accordingly, the Court declines to award

---

[1] Both parties represent they are not seeking reimbursement for the costs of exhibits associated with these transcripts. But the total amount the Individual Defendants seek for transcripts appears to include the $181.50 itemized in the invoice attached to their bill of costs. Since the Individual Defendants specifically excluded this amount in their briefing, the Court will not award it as a cost.

either set of defendants their costs for the video recordings of Joseph's deposition.

Continuing, the Individual Defendants seek to recover expenses associated with interpreter services where defense counsel "conducted . . . interviews of two Defendants, which required interpretation between Haitian Creole and English," for one defendant, "and French and English," for another. (Ind. Defs.' Mot. at 7.) While it is indeed true that interpreter fees can be recoverable under § 1920(6), the Individual Defendants fail to explain how these specific interpreter services were necessary for the litigation process, such as for depositions or court proceedings. Instead, it appears the expenses for these particular interpretation services, to facilitate interviews between prevailing counsel and prevailing clients (or the clients' co-defendants—the motion doesn't specify), were incurred solely for counsel's convenience or preparation. Accordingly, without any indication that these interviews were part of a deposition, court proceeding, or other formal litigation process, the Court finds these costs, at least on this record, not properly taxable.

Finally, the Church Defendants seek reimbursement for the transcript of a September 2024 hearing before United States Magistrate Judge Jonathan Goodman. (Church Defs.' Mot. at 3.) "Like deposition transcripts, hearing transcripts fall under § 1920(2)'s allowance for 'fees for printed or electronically recorded transcripts necessarily obtained for use in the case.'" *Phelps v. Ramsay*, No. 21-10070-CIV, 2025 WL 490224, at *3 (S.D. Fla. Jan. 28, 2025) (Sanchez, Mag. J.) (quoting 28 U.S.C. § 1920(2), *rep. and rec. adopted,* No. 21-10070-CIV, 2025 WL 486072 (S.D. Fla. Feb. 13, 2025) (Martinez, J.)). Other than identifying the date of the hearing and the judge before whom it was held, however, the Church Defendants fail to supply any information as to what aspect of the litigation the transcript pertains. Because this leaves the Court unable to determine whether this transcript was "necessarily obtained for use in the case," the associated invoice, for $117, is disallowed. *See Carroll v. Carnival Corp.*, 16-20829-CIV, 2018 WL 1795469, at *5 (S.D. Fla. Feb. 6, 2018), *report and recommendation adopted as modified,* 16-20829-CIV, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018) (Goodman, Mag. J.) ("[T]he party seeking costs must . . . provide sufficient descriptions and supporting documentation to facilitate meaningful review.") (noting that "potentially recoverable costs" can be denied "where the requesting party did not provide invoices detailing the costs").

In sum then, consistent with the above, the Court finds as set forth below:

(1) As to the $25,277.13 in costs sought by the Individual Defendants, the following are disallowed: *$625* and *$500* for interpreters; *$1060* for a videographer; and *$181.50* for deposition exhibits. This leaves $22,910.63 in costs properly awarded to the Individual Defendants.

(2) As to the $28,974.49 in costs sought by the Church Defendants, the following are disallowed: *$905* for a videographer; and *$117* for a hearing transcript. This leaves $27,952.49 in costs properly awarded to the Individual Defendants.

Accordingly, the Court **grants in part and denies in part** both motions (**ECF Nos. 449, 451**) and awards **$22,910.63** in taxable costs, plus any applicable interest, to the **Individual Defendants**, and **$27,952.49** in taxable costs, plus any applicable interest, to the **Church Defendants**, both awards to be paid by the Plaintiff, Lorfils Joseph, for which sums, let execution issue.

**Done and ordered**, in Miami, Florida, on August 28, 2025.

Robert N. Scola, Jr.
United States District Judge